**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

<table>
<tr><td>

REGENT MARKETS GROUP, LTD.,

     *Plaintiff*,

v.

IG MRAKETS, INC.,

     *Defendant*.
</td><td>
§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§
</td><td>

CASE NO. 2:10-CV-42-TJW
</td></tr>
</table>

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are Defendant IG Markets, Inc.'s ("IGM") motion to dismiss for lack of personal jurisdiction (Dkt. No. 14) and motion to dismiss for improper venue or, in the alternative, motion to transfer. (Dkt. Nos. 15 and 16.) The Court has carefully considered the parties' motions and respective arguments and for the following reasons GRANTS IGM's motion to motion to transfer venue (Dkt. Nos. 15 and 16 at 4-9). The Court further orders that this case be TRANSFERRED to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties. The Court also DENIES as MOOT IGM's motion to dismiss for lack of personal jurisdiction (Dkt. No. 14) and DENIES as MOOT IGM's motion to dismiss for improper venue (Dkt. Nos. 15 and 16 at 2-3 and 9-12).

**I.      Factual and Procedural Background**

Regents filed this lawsuit on February 3, 2010, alleging that IGM's PureDeal platform for financial products and services infringes United States Patent No. 7,206,726 (the "'726 patent"). The '726 patent relates to a method and system for buying and selling of fixed-odd financial bets

where the system calculates the fixed odds for a bet based on input from a user and data relating to a financial market. IGM is a financial trading company, headquartered in Chicago, Illinois. In April 2010, IGM's PureDeal trading platform intermediated onto the North American Derivatives Exchange ("NADEX"), a regulated futures exchange based in Chicago, Illinois. Access to NADEX and IGM's PureDeal trading platform is offered to customers worldwide, including residents of the Eastern District of Texas who can access PureDeal via IGM's website. However, IGM has never operated any offices in Texas and has never had any employees located in Texas. IGM has offered a declaration that:

- IGM's revenues in Texas add up to less than $800 from when IGM began operations in 2008 to April of 2010 and amount to 0.8% of IGM's total U.S. revenues;
- IGM does not manufacture products in Texas;
- IGM is not registered to do business in Texas;
- IGM has on agent for service or any employees in Texas;
- IGM does not have an office in Texas;
- IGM does not have a bank account in Texas;
- IGM doe not own or lease any property in Texas;
- IGM does not maintain a telephone or fax number in Texas;
- IGM does not ship any products to Texas; and
- IGM does not own, maintain, or operate computer equipment in Texas.

IGM is also licensed by the Securities and Exchange Commission to offer its services throughout the United States, including Texas. Regents is a Bahamian company that appears to be based out of the United Kingdom and the Isle of Man. Regents does not appear to have any offices or employees in the Eastern District of Texas, and the inventor of the '726 patent is located in Hong Kong.

### III.    Motion to Transfer Venue

IGM argues that this case should be transferred to the Northern District of Illinois because none of the corporate parties are incorporated, located, or even registered to do business in Texas. Similarly, IGM argues that none of the parties maintain business officers or employees in Texas. IGM also asserts that none of the witnesses or documents in this case are located in Texas, let alone in the Eastern District.   Finally, IGM propounds that the case should be transferred to the Northern District of Illinois because most of IGM's potential witnesses and documents are located in Illinois.   IGM also argues that Illinois has a greater local interest in this case because IGM is a resident of Illinois and headquartered in Chicago and because the NADEX, which IGM's PureDeal platform is intermediated on, is based in Chicago.   Regents' response to the motion to transfer venue does not counter IGM's analysis of the location of the parties, documents, or witnesses, but instead relies on outdated case law to argue that its choice of forum is entitled to "great deference" and that IGM has not met its "heavy burden" justifying transfer.

#### A.    Applicable Law for Motion to Transfer Venue

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).   The Fifth Circuit and Federal Circuit have enunciated the standard to be used in deciding motions to transfer venue.   *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304.   The moving party must show "good cause," and this burden is satisfied "when the movant

demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

**B.      Proper Venue**

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagen I*, 371 F.3d at 203. Neither party disputes that this case could have been brought in the Northern District of Illinois. Thus, the threshold determination is met in this case.

### C.     Private/Public Interest Factor Analysis

#### 1.     *Relative East of Access to Sources of Proof*

The relative ease of access to sources of proof is the first private interest factor to consider. Citing outdated case law, Regents argues that the location of physical and documentary evidence in Chicago, Illinois is irrelevant because most of those documents can and will be exchanged electronically. The Fifth Circuit has expressly rejected this argument. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. IGM's physical and documentary evidence is located in Chicago, Illinois. IGM's PureDeal internal systems as well as NADEX exchange operations systems are also located in Chicago. Regents has not alleged that any physical or documentary evidence is located in the Eastern District of Texas. Accordingly, this factor weighs in favor of transfer to the Northern District of Illinois.

#### 2.     *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's absolute subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside within the transferee venue. *See id.* This factor will weigh the heaviest in favor of transfer when a transferee venue is said to have "absolute subpoena power." *See id.* "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Following the reasoning stated in *Promote Innovations LLC v. Ortho-McNeil Pharmaceutical*, *LLC*, 2:10-cv-109 (E.D. Tex. Jan. 12, 2011), this factor considers only non-party witnesses. In other words, witnesses that are a party or a party's officers are not considered. In addition, current employees have an employment relationship with a party and should be considered party witnesses. *Accord Emanuel v. SPX Corp. OTC Tools Div.*, 6:09-cv-220, 2009 WL 3063322, at *5, n.2 (E.D. Tex. Sept. 21, 2009) ("Current OTC employees, however, appear to have an employment relationship with SPX and should be considered party witnesses.").

Although IGM alludes in general to witnesses who may testify regarding NADEX systems, IGM does not identify any specific witnesses or demonstrate where such witnesses would be located. Likewise, Regents has not identified any non-party witnesses. Accordingly, this factor is neutral.

### 3. Cost of Attendance of Willing Witnesses

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Northern District of Illinois. The Court must consider the convenience of both the party and non-party witnesses. *Volkswagen I*, 371 F.3d at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009). IGM names three potential employee witnesses who are located in Chicago, Illinois, within the Northern District of Illinois: Caitlin Glazier, IGM's Compliance Officer; Dan Cook, IGM's Senior Market Analyst; and Susan Walllace, IGM's Marketing Manager. All three witnesses are located more than 100 miles from the Marshall Division. IGM also notes that the inventor of the patent appears to be located in Hong Kong, but Regents neither confirms or denies this. Regardless, neither IGM nor Regents identifies any

witnesses who are located in the Eastern District of Texas or within 100 miles of this district. Accordingly, this factor favors transfer to the Northern District of Illinois.

### 4. Other Practical Problems

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Further, the Court often considers the possibility of delay and prejudice if transfer is granted, but delay and prejudice associated with transfer is relevant "in rare and special circumstances" and only if "such circumstances are established by clear and convincing evidence." *ICHL, LLC v. NEC Corp. of America*, No. 5:08-cv-65, 2009 WL 1748573, at *12 (E.D. Tex. June 19, 2009) (quoting *In re Horseshoe*, 337 F.3d 429, 434 (5th Cir. 2003)). The parties have not suggested that there will be any delay or prejudice if this case is transferred to the Northern District of Illinois. Because problems with judicial economy do not exist here, this factor is neutral.

### 5. Court Congestion

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. Regents argues that complex patent cases proceed to jury trial expeditiously in this district due, in part, to the Eastern District's Patent Rules. Regents also argues that the Eastern District of Texas's extensive experience with patent litigation has given it significant expertise in handling sophisticated patent infringement lawsuits and that these factors weigh against transfer. However, Regents does not offer evidence or even argument that this case would come to trial at a significantly later date or be handled any less efficiently in the Northern District of Illinois. Nothing in the record or in this Court's experience suggests that the Northern

District of Illinois is any less capable of managing this litigation. Accordingly, this factor is neutral.

### 6. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

This case is strikingly similar to the facts of *TS Tech*. In *TS Tech*, the only local interest was that the product at issue was sold in the Eastern District of Texas. *See In re TS Tech*, 551 F.3d at 1321. Similarly, the only allegedly local interest in the present case is that IGM's online trading platform, PureDeal, is accessible to customers worldwide, including customers in the Eastern District of Texas. As in *TS Tech*, "[n]one of the companies have an office in the Eastern District of Texas; no identified witnesses reside in the Eastern District of Texas; and no evidence is located within the venue." *Id.* Further, in accordance with Fifth Circuit and Federal Circuit precedent, the fact that the allegedly infringing online trading platform is accessible to customers worldwide, including in the Eastern District of Texas cannot, by itself, make the local interest factor weigh against transfer. *See id.* ("The vehicles containing TS Tech's allegedly infringing headrest assemblies were sold throughout the United States, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"); *Volkswagen II*, 545 F.3d at 317-18.

In contrast, the Northern District of Illinois has a particularized interest in the resolution of this case. IGM is a resident of Illinois and is headquartered in Chicago. Additionally, the alleged acts of infringement involve the access to NADEX through IGM's Pure Deal trading system that is administered from Chicago Illinois. Thus, this factor weighs in favor of transfer.

### 7. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Northern District of Illinois and the Eastern District of Texas are equally capable of applying the law regarding patent infringement claims. *See In re TS Tech*, 551 F.3d at 1320. This factor is, therefore, neutral.

### 8. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case. Consequently, this factor is neutral.

## D. The Court Grants Defendants' Motion to Transfer

Considering all of the private and public interest factors, the defendants have met their burden of showing that the Northern District of Illinois is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Three factors weigh in favor of transfer: relative ease of access to sources of proof, cost of attendance for willing witnesses, and local interest. All of the other factors are neutral. Therefore, Defendants' motion to transfer venue is GRANTED (Dkt. Nos. 15 and 16 at 4-9).

## IV. Venue and Personal Jurisdiction

For purposes of its analysis on the motion to transfer, the Court assumes that it has personal jurisdiction over IGM and, thus, that venue is proper in this district. *See Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005) (holding that venue in a

patent action against a corporate defendant exists wherever that is personal jurisdiction). Accordingly, the Court DENIES as MOOT IGM's motion to dismiss for lack of personal jurisdiction (Dkt. No. 14) and IGM's motion to dismiss for improper venue (Dkt. Nos. 15 and 16 at 2-3 and 9-12). However, should it be determined that the Court does not have personal jurisdiction over IGM, then, in the interest of justice, the Court transfers the case to the Northern District of Illinois pursuant to 28 U.S.C. § 1406. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").

## V. Conclusion

For the reasons discussed above, the Court GRANTS IGM's motion to transfer venue (Dkt. Nos. 15 and 16 at 4-9) and TRANSFERS this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). The Court also DENIES as MOOT IGM's motion to dismiss for lack of personal jurisdiction (Dkt. No. 14) and DENIES as MOOT IGM's motion to dismiss for improper venue (Dkt. Nos. 15 and 16 at 2-3 and 9-12).

It is so ORDERED.

SIGNED this 25th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE